UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States

    v.                                    Criminal No. 09-cr-187-08-JL

Thomas Golliver

**O R D E R**

On May 3, 2012, defendant appeared for a bail hearing under Fed. R. Crim. P. 32.1(a)(b). Defendant is charged with violations of conditions of supervision, as alleged in the government's petition dated April 18, 2012 (doc. no. 657)[1]. Defendant is on release from his convictions in 2010 for conspiracy to possess with intent to distribute Oxycodone, Oxycontin, Suboxone, Lorezpam and Ativan, in violation of 21 U.S.C. §§ 846 and 841(a).

By way of background, Judge Lynch conducted hearings in the case on April 23, 2012, (defendant's initial appearance); April 25, 2012 (defendant released on conditions including a third-party custodian and electronic monitoring); and May 2, 2012 (defendant failed to appear).

---

[1] Document No. 657 is a petition that appears to be incorrectly dated. Judge Lynch's signature indicates that the petition was subscribed and sworn before him on July 18, 2011. However, the Notice of Violation and Affidavit in Support of Warrant that accompanied this petition is dated April 18, 2012. The docket indicates that the petition was filed on April 18, 2012, and entered on the docket the next date. Thus, the date above Judge Lynch's signature appears to be a scrivener's error.

The May 2, 2012, hearing was necessary as a result of defendant's third-party custodian having been evicted shortly after defendant's release into her custody. Specifically, Judge Lynch had released defendant after the April 25 hearing with strict instructions that defendant be placed on electronic monitoring with a third-party custodian. The May 3, 2012, hearing was scheduled as a result of defendant's failure to appear at the May 2 hearing.

At the May 3 hearing, Defendant sought release under Rule 32.1(a)(6). The government sought detention. Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community.

Defendant sought release based on vague, unsubstantiated assertions that his new employer will provide him with a temporary residence in the building where the employer's business is located. At some point in the future, the employer will apparently allow defendant to stay in a rooming house. Probation was unable to verify any of defendant's assertions because defendant made his supervising officer aware of the assertions for the first time immediately before the May 3 hearing. Notably, not only did defendant miss the May 2 hearing (due to a claimed failure to secure transportation), but

2

defendant missed an appointment with his supervising officer and drug test scheduled on that same date.  Based on the evidence presented at the May 3 hearing, and for the reasons stated on the record after the hearing, defendant failed to meet his burden of persuading the court that his release, even on strict conditions, poses no danger to any other person or to the community.

   The court stated orally from the bench the reasons it was not persuaded to release the defendant.  The court incorporates its oral findings and rulings herein.  A summary of those reasons follows:

- The pending violation details a troubling history that is strongly indicative that defendant is not likely to abide by conditions of release.  One month after being placed on supervision, defendant tested positive for marijuana use.  Defendant's supervising officer recommended "no action" with continued drug counseling.
- While the "no action" request was pending before Judge Laplante, the defendant tested positive for marijuana use on three subsequent dates: March 24, April 4, and April 9, 2012.  Defendant denied that he was using marijuana.

- Additionally, defendant missed appointments with his substance abuse counselor (LTG) on March 29, April 11 and 18, 2012.

- On April 11 and 18, 2012, defendant also missed appointments with his supervising officer.

- Although defendant is to be commended for finding a job, his conduct otherwise is not indicative of a person who takes seriously the rules of supervision. Without a stable residence which would allow for electronic monitoring and/or a third-party custodian, defendant's release represents too great a risk of danger to the community.

- Should the probation officer conclude that defendant's proposed residence will offer a stable residence, the court will entertain a motion for immediate bail hearing. Until such further bail hearing, however, defendant is detained for the reasons stated orally on May 3, 2012, and summarized in this order.

In sum, the court finds that defendant did not meet his burden to show by clear and convincing evidence that his release, even on strict conditions, would pose no danger to any other person or the community. Accordingly, it is **ORDERED** that the defendant be detained pending a further bail hearing, to

4

give defendant's supervising officer time to review defendant's proposed residence.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: May 4, 2012

cc: Glen G. Geiger, Esq.
    Jennifer C. Davis, Esq.
    U.S. Marshal
    U.S. Probation